# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PHILLIP G. SHACKLEFORD, | : | |
| Petitioner, | : | Case No. 3:10cv00357 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| TIMOTHY BRUNSMAN, Warden,<br>Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Petitioner Phillip G. Shackleford is an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio. In March 2000 a jury in the Montgomery County, Ohio Court of Common Pleas found Shackleford guilty on two counts of rapes with a firearm specification. He is serving a twenty-three year term of imprisonment. (Doc. #1 at 1).

The case is presently pending upon Shackleford's Motion For Stay Of Proceedings To Exhaust State Court Remedies In Order To Amend Habeas Corpus Application (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

#8), Respondent's Response (Doc. #9), Shackleford's Contra Reply (Doc. #10), and the record as a whole.

## II.     Shackleford's Habeas Petition and Respondent's Answer

Shackleford raises three grounds for relief in his habeas corpus petition:

GROUND ONE:    Ineffective Assistance of Trial Counsel in violation of the Sixth & Fourteenth Amendment[s], U.S. Constitution.

Supporting facts:    At re-sentencing hearing on August 7, 2008, trial counsel rendered ineffective assistance where he failed to object to re-sentencing of petitioner based upon Separation of Powers Doctrine of State Constitution as well as Due Process Clause of Ohio & U.S. Constitution[s].

GROUND TWO:    Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amen[dments], U.S. Constitution.

Supporting facts:    Trial counsel [was] ineffective at re-sentencing hearing of August 7, 2008 where he failed to recognize, argue and brief fact that Petitioner's maximum sentence expired before re-sentencing.

GROUND THREE: Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amendment[s], U.S. Constitution.

Supporting facts:    At re-sentencing hearing on August 7, 2008 trial counsel failed to object to re-sentencing based upon ex post facto and double jeopardy grounds.

(Doc. #1 at 5-6, 8).

Respondent's Answer details the extensive procedural history of this case, including Shackleford's prior federal habeas corpus case, *Phillip Shackleford v. Ernie Moore, Warden*, Civil Case No. 3:04cv00376 (S.D. Ohio)(Rose, D.J.; Merz, C.M.J.). In that case, Shackleford raised three constitutional challenges to his convictions based on

2

matters arising during his trial. His petition was dismissed because he had waived federal habeas review of his claims through his procedural defaults in the Ohio courts. (Doc. #6, Exhibits. 34-36). The United States Court of Appeals for the Sixth Circuit denied Shackleford a certificate of appealability. (Doc. #6, Exh. 37).

When Shackleford later sought to file a new habeas petition raising a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), the Court of Appeals denied him authorization to file a second habeas petition under 28 U.S.C. §2244. In doing so, the Court of Appeals reasoned that (1) his first habeas petition failed to raise his claim under *Blakely*; (2) *Blakely* had been decided before he filed his first habeas petition; (3) the Supreme Court had not made *Blakely* retroactive; and (4) he had not presented any new facts that he could not have previously discovered and that established his innocence. *Id.*

Turning to the present case, it appears, on first glance, that Shackleford's present habeas petition may constitute a successive petition. If so, he may not proceed without first obtaining authorization from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. §2244(b)(3). But Respondent concedes that Shackleford's present habeas corpus petition does not constitute a second or successive petition. Relying on *Magwood v. Patterson*, __U.S.__, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), Respondent explains that Shackleford's confinement in state custody is now based on the trial court's resentencing judgment issued in 2008. Respondent also points out that Shackleford's present petition relates solely to that 2008 resentencing judgment because each of his three grounds for relief asserts that his counsel provided ineffective assistance during the

3

2008 resentencing proceedings. Thus, in Respondent's view, Shackleford's present habeas petition attacks a new and separate judgment and is not a "second or successive" petition within the meaning of §2244(b).

Respondent is correct. Shackleford's present habeas petition challenges his most recent, August 2008, sentencing judgment. His original habeas petition focused solely on his original judgment of conviction and sentence. *See* Doc. #6, Exh. 34. As a result, Shackleford's present petition is not "second or successive," and Respondent is right to acknowledge that Shackleford need not seek authorization from the Court of Appeals under 28 U.S.C. §2244(b) to proceed with the present case. *See Magwood*, __U.S. at __, 130 S.Ct. at 2795-2803.

Although this places Shackleford's three grounds from relief at issue in the present case, Shackleford seeks an Order staying and abeying this case.

### III.   Shackleford's Motion For Stay Lacks Merit

Shackleford seeks an Order staying this case while he returns to the Ohio Supreme Court with an application for writ of habeas corpus. Through such an application, Shackleford wants to litigate a claim that he has not raised in his present petition: he was deprived of the effective assistance of trial and appellate counsel when they failed to argue that the trial and appellate court's judgment was void under Ohio R. Crim. P. 32(C), *State of Ohio v. Baker*, 119 Ohio St.3d 197, 898 N.E.2d 163 (2008), and *State of Ohio v. Mitchell*, 187 Ohio App.3d 315, 931 N.E.2d 1157 (2010).

An Order staying this case and holding it in abeyance is warranted, Shackleford argues, because his unexhausted claim is potentially meritorious and because he has not intentionally engaged in any dilatory tactics.

The United States District Courts have the authority to grant a writ of habeas corpus to a prisoner who is state custody "in violation of the Constitution . . . of the United States." 28 U.S.C. §2241(a), (c)(3). This authority is limited in several significant ways – most prominently, in the present case, through the exhaustion requirement. Section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State....

Thus, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "[F]ederal district court may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)(discussing *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)).

When faced with a mixed habeas petition, the Court may issue an order staying the

5

federal case and holding it in abeyance while the Petitioner returns to state court to exhaust his state remedies. *Rhines*, 544 U.S. at 276-78, 125 S.Ct. at 1534-36. The stay and abey procedure is "available only in limited circumstances. Because granting a stay effectively excuses a petitioner s failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

The stay and abey procedure permitted under *Rhines* applies when the court is presented with a mixed habeas petition. *See Rhines*, 544 U.S. at 273-77. It does not apply in the present case because Shackleford's petition only contains exhausted claims and is therefore not a mixed petition. Shackleford's Motion For Stay, moreover, seeks to litigate not only an unexhausted claim but one not raised in his petition. In this circumstance, the stay and abey procedure outlined in *Rhines* does not apply. *See id*; *see also Bullock v. Jackson*, 2008 WL 906096 at *3 (S.D. Ohio Mar. 31, 2008)(Dlott, D.J; Hogan, M.J.); *Carr v. Warden, S.O.C.F.*, 2010 WL 5071802 at *2 (S.D. Ohio Dec. 7, 2010)(Merz, M.J.); *Canales v. Warden, London Correctional Inst.*, 2010 3785263 at *2 (S.D. Ohio Aug. 26, 2010)(Wehrman, M.J.) *Daily v. Warden, Madison Correctional Inst.*, 2008 WL 1844060 at *5-*6 (S.D. Ohio April 22, 2008)(Barrett, D.J.; Black, M.J.).

In addition, even if the stay and abey procedure was potentially available to

Shackleford, he has not presented good cause for failing to raise his unexhausted claim – that his counsel provided ineffective assistance by failing to challenge his judgment and sentence under Ohio R. Crim. P. 32(C), *Baker*, 119 Ohio St.3d 197, or *Mitchell*, 187 Ohio App.3d 315 – in the Ohio courts. Without a showing of good cause, Shackleford is not entitled to a stay. *See Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Accordingly, Shackleford's Motion For Stay lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

Shackleford's Motion For Stay Of Proceedings To Exhaust State Court Remedies In Order To Amend Habeas Corpus Application (Doc. #8) be DENIED.

February 11, 2011

                                         s/ Sharon L. Ovington
                                         Sharon L. Ovington
                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).