# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PHILLIP G. SHACKLEFORD, | : | |
| Petitioner, | : | Case No. 3:10cv00357 |
| v. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| TIMOTHY BRUNSMAN, Warden, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

This matter is before the Court on Petitioner Phillip G. Shackleford's *pro se* petition for a writ of habeas corpus (Doc. #1), Respondent Timothy Brunsman's answer/return of writ (Doc. #6), and the record as a whole.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2000, a jury found Shackleford guilty of two counts (Count One and Four) of rape with attached firearm specifications. (Doc. # 6-5, Ex. 4 at 1-6). Shackleford was sentenced by the trial court to consecutive sentences of ten years in prison for each rape conviction, as well as an additional three years in prison for the

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

merged firearm specifications (for a total of twenty-three years). (Doc. #6-6, Ex. 5 at 1-2). His conviction and sentence were affirmed on direct appeal. *State v. Shackleford* (May 4, 2001), Montgomery App. No. 18297[2001 Ohio App. LEXIS 1996]. Shackleford did not file a timely appeal to the Supreme Court of Ohio. (Doc. #6 at 4).

Thereafter, Shackleford, *pro se*, filed his first petition for writ of habeas corpus with this Court on October 12, 2004. (Doc. #6-35, Ex. 34). Ultimately, the petition was dismissed with prejudice (Doc. #6-36, #6-37, Ex. 35, 36), and the United States Court of Appeals for the Sixth Circuit denied Shackleford a certificate of appealability. (Doc. #6-38, Ex. 37).

According to the Ohio Court of Appeals:

> On August 7, 2008, the trial court re-sentenced Defendant pursuant to R.C. 2929.191 because the court had neglected to inform Defendant in 2000 that he would be subject to a mandatory period of post release control following his release from prison. On August 8, 2008, the trial court filed a termination entry, nunc pro tunc to March 31, 2000, imposing the same twenty-three year sentence as before, but correcting the sentence to include a mandatory five-year period of post-release control.

(Doc. #6-53 at 1-2); *State v. Shackleford*, 2010 Ohio 845, *P1-*P2 (Ohio Ct. App. Mar. 5, 2010).

Subsequently, on August 22, 2008, Shackleford, *pro se*, filed a timely notice of appeal to the Second District Court of Appeals. (Doc. #6-50, Ex. 49). In his brief, Shackleford set forth the following assignments of error:

    1.    Defendant-Appellant was deprived of the effective assistance of counsel at the resentencing hearing where the resentencing process is violative of the due process clause of the Ohio and U.S. Constitution, contrary to the

>
> separation of powers doctrine.
>
> 2. Defendant-Appellant was deprived of the effective assistance of counsel at the August 7, 2008, resentencing hearing where counsel failed to argue that appellant's maximum sentence of six [6] years had expired in 2005 at the latest.
>
> 3. Defendant-Appellant was deprived of the effective assistance of counsel at the resentencing hearing of August 7, 2008, where the attorney failed to object that the firearm specifications failed to allege any mens rea element of knowingly possessing a deadly weapon/firearm.
>
> 4. Defendant-Appellant was deprived of the effective assistance of counsel where the attorney failed to object that the resentencing hearing violated appellant's right not to be subjected to judicial enlargement of the sentencing statutes contrary to due process of law as constituting ex post facto legislation as well as the double jeopardy clause of the Ohio and U.S. Constitution.

(Doc. #6-51, Ex. 50). On March 5, 2010, Shackleford's assignments of error were overruled by the Court of Appeals and the trial court's judgment was affirmed. As the appellate court explained, Shackleford's claims were beyond the court's review, "because Defendant has failed to file a transcript of the August 7, 2008 resentencing hearing at which the alleged errors were committed." Nevertheless, the appellate court found that Shackleford's contentions were not supportable. (Doc. #6-53, Ex. 52).

Shackleford, *pro se*, filed a timely notice of appeal to the Supreme Court of Ohio on March 30, 2010. (Doc. #6-56, Ex. 55). In his "Memorandum in Support of Claimed Jurisdiction," Shackleford set forth the following propositions of law:

> 1. Appellant was deprived of the effective assistance of counsel at the resentencing hearing where counsel failed to object that the resentencing of appellant is violative of the separation of powers doctrine and due process clause of the Ohio and U.S. Constitution.

3

>    2.   Defendant-appellant was deprived of the effective assistance of trial counsel at the resentencing hearing where counsel failed to recognize, argue and brief the fact that appellant's maximum sentence had expired in 2006.
>
>    3.   Appellant is deprived of the effective assistance of counsel where counsel failed to object to his resentencing on double jeopardy and ex post facto grounds.

(Doc. #6-57, Ex. 56). Shackleford's leave to appeal was denied by the Supreme Court of Ohio on June 9, 2010, and dismissed as not involving any substantial constitutional question. (Doc. #6-58, Ex. 57).

Subsequently, on September 10, 2010, Shackleford filed this petition for writ of habeas corpus. (Doc. #1 at 14). [2] Shackleford's petition sets forth the following alleged errors by his trial counsel during the resentencing proceeding that took place on August 7, 2008:

>    **GROUND ONE:**   Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amendment, U.S. Constitution.
>
>    **Supporting facts:** At re-sentencing hearing on August 7, 2008 trial counsel rendered ineffective assistance where he failed to object to re-sentencing of petitioner based upon Separation of Powers Doctrine of State Constitution as well as Due Process Clause of Ohio & U.S. Constitution.
>
>    **GROUND TWO:**   Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amendment, U.S. Constitution.
>
>    **Supporting facts:** Trial counsel ineffective at re-sentencing hearing of August 7, 2008 where he failed to recognize, argue and brief fact that Petitioner's maximum sentence had expired before re-sentencing.

---

[2] In light of the United States Supreme Court decision in *Magwood v. Patterson*, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), Respondent concedes that the instant petition is not a second or successive petition because all of the claims raised relate to his resentencing. (Doc. # 6 at 11-12).

>**GROUND THREE:** Ineffective Assistance of Trial Counsel in violation of Sixth & Fourteenth Amendment, U.S. Constitution.
>
>**Supporting facts:** At re-sentencing hearing on August 7, 2008 trial counsel failed to object to re-sentencing based upon ex post facto and double jeopardy grounds.

## III. APPLICABLE LAW

### A. The Antiterrorism and Effective Death Penalty Act ("AEDPA")[4]

Pursuant to 28 U.S.C. § 2254(a), a state prisoner's petition for a writ of habeas corpus may be considered by a federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order for a writ of habeas corpus to issue with respect to any claim adjudicated on the merits in state court, the adjudication must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The phrases "contrary to" and "unreasonable application" have independent meaning:

>A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from . . . [Supreme Court] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one.

---

[4] Codified in large part at 28 U.S.C. § 2254. *See* Pub.L. No. 104-132, 110 Stat. 1214.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citations omitted); *see also Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006), *cert. denied*, 549 U.S. 1255 (2007).

"A decision is an 'unreasonable application' of clearly established Supreme Court law if a 'state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Gray v. Moore*, 520 F.3d 616, 621 (6th Cir. 2008) (quoting in part *Williams v. Taylor*, 529 U.S. 362, 413 (2000)), *cert. denied*, 555 U.S. 894 (2008). "An unreasonable application of federal law is one that is 'objectively unreasonable' and not merely incorrect." *Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir. 2007) (citation omitted), *cert. denied*, 552 U.S. 961 (2007).

If a state court does not identify its reasons for rejecting a convicted criminal's grounds for appeal, then a federal court considering that individual's subsequent habeas petition should "focus on the result of the state court's decision" in order to determine whether that decision is contrary to or unreasonably applies clearly established United States Supreme Court precedent, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). Such independent review, although "not a full, de novo review of the claims," nonetheless "remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.* at 943.

For purposes of habeas review, a state court's determinations of factual issues are

presumed correct, and the petitioner may rebut this presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). That deference extends to the state court's credibility assessments, *see Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000), *cert. denied*, 532 U.S. 989 (2001), and to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). "Indeed, the presumption applies with particular force to credibility determinations, as the Supreme Court has ruled that such determinations receive 'special deference' from the federal courts." *Id.* (citing *Patton v. Yount*, 467 U.S. 1025 (1984)). The same presumption also applies to state appellate courts' findings of fact made on review of the state trial record. *Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003).

**B.** **Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).

A claim is considered fairly presented if the claim has been presented to the state

courts under the same theory that it was later presented for federal habeas corpus review. *Williams v. Bagley,* 380 F.3d 932, 969 (6th Cir. 2004).

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985), *cert. denied,* 474 U.S. 831 (1985).

If a petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991)); *Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes an express statement to that effect. *Harris,* 489 U.S. at 261. No such statement is

necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; *see also Teague v. Lane,* 489 U.S. 288, 297-293 (1989). Under these circumstances, the federal court may deem the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Maupin v. Smith*, 785 F. 2d 135, 138 (6th Cir. 1986). First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually enforced the state procedural sanction. Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Once the court

determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Maupin*, 785 F. 2d at 138.

## IV.    ANALYSIS

<u>Grounds One, Two, & Three: Ineffective Assistance of Counsel and Procedural Default</u>

Addressing Shackleford's habeas claims together, Respondent argues that Shackleford has procedurally defaulted because his failure to file a transcript of the resentencing proceedings with his appeal prevented the court from reviewing his claimed errors.  (Doc. #6 at 17).  Respondent contends that "[i]t is established law in Ohio that an appellant has the duty to file the transcript or such parts of the transcript as are necessary for evaluating the lower court's decision." *Id.*

The procedural default doctrine provides that "[a] federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision."  *Munson v. Kapture*, 384 F.3d 310, 313-314 (6th Cir. 2004) (internal citations and quotations omitted).  "[E]ven wholly discretionary state procedural rules may constitute adequate state grounds for foreclosing federal review of a habeas claim." *Stone v. Moore*, 644 F.3d 342, 345 (6th Cir. 2011) (citing *Walker v. Martin*, 131 S. Ct. 1120, 1125 (2011)).

In this case, in order to determine whether Petitioner's claim is procedurally

10

defaulted due to his failure to provide a transcript for appellate review, this Court must consider the inquiry set forth in *Maupin v. Smith*, 785 F.3d 135, 138 (6th Cir. 1986).

The first step in *Maupin* requires "the court [to] determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Maupin*, 785 F.3d at 138. Here, Ohio Rule of Appellate Procedure 9(B) requires the appellant, at the time of filing notice of appeal, "in writing, [to] . . . order from the reporter a complete transcript or a transcript of the parts of the proceeding not already on file as the appellant considers necessary for inclusion in the record . . . ." When the appellant fails to include "portions of the transcript necessary for resolution of assigned errors . . . , the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St. 2d 197, 199 (1980). Accordingly, the Court of Appeals concluded that "Defendant's contentions regarding errors the trial court committed and to which his counsel failed to object at resentencing are beyond [the court's] review because Defendant has failed to file a transcript of the August 7, 2008 resentencing hearing at which the alleged errors were committed." (Doc. #6-53 at 4); *State v. Shackleford*, 2010 Ohio 845, *P12 (Ohio Ct. App. May 4, 2001). As there is a state procedural rule requiring necessary transcripts to be filed by the appellant and Shackleford failed to comply with this rule, the first prong of *Maupin* is satisfied.

Once it has been determined that a state procedural rule is applicable and a

11

petitioner has failed to comply with the rule, "the court must decide whether the state courts actually enforced the state procedural sanction." *Maupin*, 785 F.3d at 138. Respondent contends that "[i]t is established law in Ohio that an appellant has the duty to file the transcript or such parts of the transcript as are necessary for evaluating the lower court's decision." (Doc. #6 at 17). Indeed, the United States Court of Appeals for the Sixth Circuit has held that Ohio's procedural rule requiring "appellants to include materials relevant to their assigned errors in the record on appeal," satisfies the first, as well as second *Maupin* factors. *Gonzales v. Wolfe*, 290 Fed. Appx. 799, 805 (6th Cir. 2008). As such, it is clear the second *Maupin* factor is also satisfied in this case.

The third *Maupin* factor that must be considered by this Court is "whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Maupin*, 785 F.2d at 138. (internal citations omitted). Upon evaluating this factor in *Gonzales*, the Sixth Circuit held that "Ohio has regularly rejected claims due to appellants' failure to present an adequate record." *Gonzales*, 290 Fed. Appx. at 805 (citing *Volodkevich v. Volodkevich*, 48 Ohio. App. 3d 313, 549 N.E.2d 1237, 1237 (Ohio 1989); *State v. Davidson*, 2006 Ohio 1458, 2006 WL 763082, at *4 (Ohio Ct. App. 2006); *State v. Estrada*, 126 Ohio App. 3d 553, 710 N.E.2d 1168, 1170 (Ohio Ct. App. 1998)). Accordingly, it is also clear the third *Maupin* factor is satisfied.

Upon determination "that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must

demonstrate under *Sykes* that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin*, 785 F.2d at 138 (citing *Reed v. Ross*, 468 U.S. 1 (1984); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Furthermore, the petitioner has the burden of showing that there was actual prejudice as a result of the alleged constitutional error. *Maupin*, 785 F.2d at 139. In this case, as in *Gonzales*, the petitioner "has made no argument that cause and prejudice existed for his failure to include relevant parts of the record on appeal." *Gonzales*, 290 F. Appx. at 805. As a result, Shackleford has procedurally defaulted on his ineffective assistance of trial counsel claims. Moreover, Shackleford has failed to establish cause and prejudice to excuse the procedural default.

Shackleford's Claims Lack Merit

The Sixth Amendment, applicable to the states through the Fourteenth Amendment, provides a criminal defendant with "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052 (1984)(quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To establish a claim of ineffective assistance of trial counsel, a criminal defendant must make a two-part showing:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance

13

> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair
> trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir. 2007).

Regarding Shackleford's claims that he was rendered ineffective assistance of counsel at resentencing, the Second District Court of Appeals held:

> Defendant argues that his counsel at the re-sentencing hearing performed deficiently in several respects, and as a result Defendant was deprived of his Sixth Amendment right to the effective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. *Id.*; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
>
> Defendant complains that his counsel at re-sentencing was ineffective for failing to object to the court's reliance on *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, in that the court did not make any of the findings required by R.C. 2929.14(B) in order to impose ten year sentences for his rape convictions instead of the minimum three year sentences that could apply. Defendant complains that *Foster's* severance of the finding requirements in R.C. 2929.14(B) violates the separation of power doctrine because only the General Assembly may modify or suspend application of a statute.
>
> Defendant also complains that his counsel was ineffective for failing to object that, due to *Foster*'s constitutional flaw, the court's failure to make the R.C. 2929.14(B) findings mandated imposition of minimum three year sentences instead of the ten year sentences the court imposed.
>
> Defendant also complains that his counsel was deficient for failing to object that because he had completed serving the minimum three year sentences that R.C. 2929.14(B) requires in 2006, the court was not authorized to resentence him in 2008.

14

Defendant further argues that his counsel was deficient for failing to object that the court's application of the holding in *Foster* violates the double jeopardy and ex post facto clauses of the United States and Ohio Constitutions. Defendant's contentions regarding errors the trial court committed and to which his counsel failed to object at re-sentencing are beyond our review because Defendant has failed to file a transcript of the August 7, 2008 re-sentencing hearing at which the alleged errors were committed. In that circumstance, the presumption that the court's proceedings were regular and valid is not rebutted, and we necessarily must conclude that no error was committed. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384; *State v. Jones*, Montgomery App. No. 20862, 2006 Ohio 2640. Nevertheless, it is clear that none of Defendant's contentions are supportable.

This court and others have held that *Foster* does not violate the constitutional requirements of due process, the ex post facto or double jeopardy clauses, or the separation of powers doctrine. *State v. Smith*, Montgomery App.No. 22334, 2008 Ohio 6330; *State v. North*, Clark App. No. 07CA0059, 2008 Ohio 6239; *State v. Jordan*, Greene App. No. 2006CA0106, 2007 Ohio 7163; *State v. Benton*, Lucas App. No. L-07-1305, 2008 Ohio 3850. Therefore, we could not find that Defendant's counsel was ineffective for failing to object that those constitutional requirements were violated by the court's application of *Foster* to Defendant's resentencing.

 R.C. 2967.28 provides that every prison sentence for a felony of the first degree or a felony sex offense shall include a mandatory five-year period of post release control. A trial court is required to notify a defendant at the time of the sentencing hearing of the potential of post release control, and must incorporate that notice into its journal entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004 Ohio6085, 817 N.E.2d 864. Where a sentence fails to contain a statutorily mandated term, such as post release control, the sentence is void. *Id*.

When a trial court fails to include the required post-release control notification in a sentence it imposes, the proper remedy is to re-sentence the defendant at a hearing, notifying him of his post release control requirements. *State v. Simpkins*, 117 Ohio St.3d 420, 2008 Ohio 1197, 884 N.E.2d 568; *State v.Davis*, Montgomery App. No. 22403, 2008 Ohio 6722; R.C. 2929.191. Res judicata does not bar re-sentencing. *Simpkins*. Indeed, res judicata could not apply because the prior judgment of sentencing, being void, is not a valid prior judgment which is necessary for application of the res judicata bar. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 1995 Ohio 331, 653 N.E.2d 226. Double jeopardy does not bar re-sentencing because there can be no legitimate expectation of finality in an unlawful, void

> sentence. *Id*.
>
> Defendant had not completed serving his twenty-three year sentence at the time of the 2008 re-sentencing hearing, and therefore it was not improper for the court to resentence him in order to advise him of the post release control requirements. *Simpkins*; *Davis*; R.C. 2929.191. At the re-sentencing hearing, the trial court imposed the same twenty-three year sentence it imposed on March 31, 2000. The only change was the inclusion of a notification to Defendant that he was subject to a mandatory five-year period of post release control.
>
> Because Defendant has failed to produce a record that exemplifies his claimed errors, and has further failed to demonstrate any error on the part of the trial court in re-sentencing him in order to advise him about his post release control requirements, Defendant fails to demonstrate any deficient performance by counsel in not objecting to the resentencing, much less any resulting prejudice. Ineffective assistance of counsel has therefore not been demonstrated.
>
> Defendant's first, second and fourth assignments of error are overruled.

(Doc. # 6-53, Ex. 52 at 3-6.)

The state appellate court's decision is neither contrary to nor unreasonably applies clearly established United States Supreme Court precedent. Nor is it based on an unreasonable determination of the facts. Shackleford's trial counsel was not ineffective for failing to raise meritless claims. Respondent correctly observes that "Shackleford's due process and ex post facto arguments has been thoroughly addressed and universally rejected by the federal and state courts in Ohio." (Doc. # 6 at 28). *See also Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010); *Watkins v. Williams*, 2008 U.S. Dist. LEXIS 47557 (2008). Shackleford has failed to establish that his counsel rendered ineffective assistance at resentencing.

The conclusions reached herein are not debatable by jurists of reason and do not

otherwise present issues adequate to deserve encouragement to proceed further.

Consequently, a certificate of appealability should not issue.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Phillip G. Shackleford's petition for writ of habeas corpus (Doc. #1) be DENIED with prejudice in its entirety;

2. No certificate of appealability issue in conjunction with this matter; and,

3. This case be TERMINATED on the docket of this Court.

September 16, 2011

              s/Sharon L. Ovington
              Sharon L. Ovington
            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).